**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-2239**

─────────────

In re:  BARBARA ALBYTINE GIBBS,

        Debtor,

─────────────

M. EUGENE GIBBS,

        Appellant,

    v.

SELECT PORTFOLIO SERVICING, INC.,

        Appellee.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. Mary G. Lewis, District Judge.  (4:24-cv-06573-MGL-KDW)

─────────────

Submitted:  December 22, 2025           Decided:  January 13, 2026

─────────────

Before GREGORY and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Melvin Eugene Gibbs, Appellant Pro Se.  Jeremy Cook Hodges, Matthew Douglas Patterson, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

M. Eugene Gibbs noted an appeal to the district court from several orders entered by the bankruptcy court. He also filed several motions for a temporary restraining order or preliminary injunction and sought a stay of proceedings pending appeal. Gibbs then noted the instant appeal of the district court's purported denial of his motions for a temporary restraining order, injunction, and stay.

At the time Gibbs noted this appeal, the district court had issued no ruling pertaining to his motions. Because Gibbs noted this appeal prior to the entry of an appealable order,[*] we deny his motion for clarification, and we dismiss the appeal for lack of jurisdiction. *See United States v. Doe*, 962 F.3d 139, 143 (4th Cir. 2020) ("We have jurisdiction only over final orders and certain interlocutory and collateral orders." (citation modified)). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although the district court issued its final judgment before we considered this appeal, the doctrine of cumulative finality does not cure the jurisdictional defect. *See Houck v. LifeStore Bank*, 41 F.4th 266, 271 (4th Cir. 2022) (explaining cumulative finality applies only when district court could have certified order for immediate appeal under Fed. R. Civ. P. 54(b)).